IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RANDAL FLOYD, #1705513 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv45 |
| MICHAEL JOHNSON, ET AL. | § | |

## ORDER OF DISMISSAL

Plaintiff Randal Floyd, an inmate confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #60) concluding that Dr. John Morgan's motion for summary judgment (Dkt. #55) should be granted. Mr. Floyd has filed objections (Dkt. #61). After conducting a *de novo* review of the record, the pleadings, and the paper on file, the court concludes that Mr. Floyd's objections lack merit and Dr. Morgan's motion for summary judgment should be granted.

## Background

Mr. Floyd complains he has been denied dentures, and he wants the court to compel the defendants to provide him with dentures. The sole remaining defendant is Dr. Morgan, a dentist. The competent summary judgment evidence reveals that Dr. Morgan examined Mr. Floyd on one occasion on August 1, 2016. *See* Defendant's Motion for Summary Judgment (Dkt. #55), Exhibit A, pages 25-26. Dr. Morgan determined that Mr. Floyd's lower gums were infected. To treat the infection, Dr. Morgan prescribed antibiotics and concluded that the remnants of Mr. Floyd's

bottom teeth would need to be extracted to prevent further infection and improve his oral hygiene. Dr. Morgan found that, pursuant to CMHC Policy E-36.4(I)(D), Mr. Floyd was not a viable candidate for dental prosthetics until the infection in his gum tissue was resolved. He concluded that Mr. Floyd did not meet the criteria of medical necessity to be issued dental prosthetics.

Mr. Floyd was scheduled to have the remnants of his bottom teeth extracted. The extraction was to occur on November 16, 2016. Dr. Michael R. Johnson, another dentist, wrote that Mr. Floyd "arrived at the clinic and immediately decided to refuse exam or treatment." *See* Defendant's Motion for Summary Judgment, Exhibit A, page 62.

Magistrate Judge Love found that the competent summary judgment evidence does not support an inference of deliberate indifference, that Dr. Morgan is entitled to dismissal based on qualified immunity, and that Mr. Floyd has not shown that Dr. Morgan is able to provide the relief sought in this case. Mr. Floyd has filed objections.

## Standard of Review

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party for summary judgment has the burden of proving the lack of a genuine dispute as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision Am. Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, a court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48.

If the movant satisfies its initial burden of demonstrating the absence of a material fact dispute, then the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact dispute concerning the essential elements of its case for which it will bear the burden of proof at trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The non-movant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988). Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant must present evidence sufficient to support a resolution of the factual disputes in his favor. *Anderson*, 477 U.S. at 257. The non-movant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). All reasonable inferences are drawn in favor of the non-moving party, but the non-moving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Miller v. Graham*, 447 F. App'x. 549, 551 (5th Cir. 2011).

<u>Discussion</u>

1.  <u>Deliberate Indifference</u>

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*,

429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Fifth Circuit discussed the high standard involved in showing deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

*Domino*, 239 F.3d at 756. A disagreement with the treatment provided by a doctor does not rise to the level of a constitutional violation. *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

In the present case, Mr. Floyd wants dentures, but Dr. Morgan found that he did not meet the criteria of medical necessity to be issued dental prosthetics. Magistrate Judge Love appropriately found that Mr. Floyd disagrees with Dr. Morgan's conclusion. In his objections, Mr. Floyd complains that he never said he disagreed with Dr. Morgan's assessment; instead, his focus was on the policy that dental prosthetics are provided when the health of the patient would

otherwise be adversely affected.  *See* CMHC Policy E-36.4(I)(A).  Nonetheless, Dr. Morgan found that Mr. Floyd did not meet the criteria, and Mr. Floyd disagrees with the assessment.  His disagreement does not rise to a constitutional claim.  Mr. Floyd's first objection lacks merit.

In addition to the foregoing, the competent summary judgment evidence does not support an inference that Dr. Morgan was deliberately indifferent.  He did not ignore Mr. Floyd or refuse to treat him.  He observed that Mr. Floyd's lower gums were infected.  To treat the infection, Dr. Morgan prescribed antibiotics and concluded that the remnants of Mr. Floyd's bottom teeth would need to be extracted to prevent further infection and improve his oral hygiene.  Dr. Morgan concluded that, pursuant to CMHC Policy E-36.4(I)(D), Mr. Floyd was not a viable candidate until the infection in his gum tissue was resolved.

In his second objection, Mr. Floyd complains that Magistrate Judge Love found that he is not a viable candidate for dental prosthetics.  Mr. Floyd, however, is misrepresenting Magistrate Judge Love's findings.  Dr. Morgan, as opposed to Magistrate Judge Love, made the finding that Mr. Floyd was not a viable candidate for dentures at that time.  Once again, Mr. Floyd disagrees with Dr. Morgan's findings, but his disagreement does not rise to the level of a constitutional claim of deliberate indifference.  Mr. Floyd's second objection lacks merit.  Mr. Floyd has not shown that Dr. Morgan was deliberately indifferent to his serious medical needs.

2.  <u>Qualified Immunity</u>

Dr. Morgan also argues that he is entitled to summary judgment based on qualified immunity.  In response to the motion for summary judgment, Mr. Floyd refers to the defense of qualified immunity, but he does not address the standards involved in determining whether Dr. Morgan is entitled to qualified immunity.

The defense of qualified immunity protects government officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). "When properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (internal quotation marks omitted). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

To demonstrate the inapplicability of the qualified immunity defense, a plaintiff must satisfy a two-prong test. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The first prong is whether "the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (citation omitted). The second is "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004) (citations omitted). A court may consider the two-pronged inquiry in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

In the present case, Mr. Floyd has not shown that Dr. Morgan was deliberately indifferent. In his objections, he asserts that he had a right to receive dentures and that Dr. Morgan was deliberately indifferent for denying him dentures. As was noted in the previous section, Mr. Floyd has only shown that he disagrees with Dr. Morgan's assessment. He has not shown that Dr. Morgan was deliberately indifferent to his serious medical needs. Mr. Floyd's objections on this

issue lack merit. Dr. Morgan is entitled to summary judgment based on qualified immunity on the first prong alone.

With respect to the second prong, Mr. Floyd neither addressed nor established that Dr. Morgan's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, Dr. Morgan's actions cannot be considered objectively unreasonable to the extent that he provided the type of medical care that was available with respect to Mr. Floyd's infected gums. Mr. Floyd was not in a position to obtain dentures until the infection in his gums was resolved. Dr. Morgan engaged in actions to address the problems that could be resolved at that time. Mr. Floyd has not satisfied either prong in the qualified immunity analysis. Dr. Morgan is entitled to summary judgment based on qualified immunity.

3. Redressability

The final issue raised by Dr. Morgan in his motion for summary judgment is redressability. An exception to Eleventh Amendment immunity exists with respect to claims against state officials for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908). To succeed on claims for injunctive relief, a plaintiff must satisfy the following three elements to show standing: (1) injury in fact, (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In order to satisfy the redressability requirement, a plaintiff must show (1) the ability of the official to enforce the statute at issue under his statutory or constitutional power, and (2) the demonstrated willingness of the official to enforce the statute. *Okpalobi v. Foster*, 244 F.3d 405, 425-27 (5th Cir. 2001). In *Okpalobi*, abortion providers sued the Governor and Attorney General of Louisiana while challenging the constitutionality of a statute holding them liable to patients in tort for any damage occasioned by abortions. The Fifth Circuit held that the

abortion providers lacked standing to sue the Governor and Attorney General because these defendants did not cause any injury to the plaintiffs and they could not redress the alleged actual or threatened injury. *Id.* at 426-27.

In the present case, a favorable decision for Mr. Floyd will not redress his allege injury, as Dr. Morgan's authority is limited to his position as a UTMB dentist. The only thing that Dr. Morgan may do is to submit a Medically Necessary Prosthetics Referral Form. The decision to approve or deny an inmate's request for dentures rests solely with the Dental Utilization Quality Review Committee. Dr. Morgan is not an authorized policymaker; thus, he is powerless to modify or contravene CMHC policy. In his response to the motion for summary judgment, Mr. Floyd acknowledges this fact. In both his response and objections, Mr. Floyd asserts that Dr. Morgan could have submitted the Medically Necessary Prosthetics Referral Form. Mr. Floyd's response once again reveals nothing more than a disagreement with Dr. Morgan's assessment. Nonetheless, with respect to Mr. Floyd's ultimate goal of obtaining dentures, he has not shown that Dr. Morgan has the ability to provide the type of injunctive relief that he desires. Dr. Morgan is entitled to judgment as a matter of law to the extent that he has been sued for injunctive relief.

## Conclusion

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Floyd to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Floyd's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that Defendant Dr. John Morgan's motion for summary judgment (Dkt. #55) is **GRANTED** and the lawsuit is **DISMISSED** with prejudice. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **15** day of **June, 2018.**

_____
Ron Clark, United States District Judge